EAGAN AVENATTI, LLP
Michael J. Avenatti, State Bar No. 206929
mavenatti@eaganavenatti.com
Ahmed Ibrahim, State Bar No. 238739
aibrahim@eaganavenatti.com
520 Newport Center Drive, Suite 1400
Newport Beach, CA 92660
Telephone: 949.706.7000
Facsimile: 949.706.7050

Attorneys for Plaintiffs Medline Industries, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MEDLINE INDUSTRIES, INC., an Illinois Corporation,

Plaintiff,

vs.

KIMBERLY-CLARK CORPORATION, a Delaware Corporation; and HALYARD HEALTH, INC., a Delaware Corporation,

Defendants.

CASE NO.: 2:16-cv-8571

**NOTICE OF RELATED CASES**
**[Local Rule 83-1.3]**

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

In accordance with Local Rule 83-1.3, Plaintiff Medline Industries, Inc. ("Plaintiff") files the instant Notice of Related Case. The case Hrayr Shahinian, et al. v. Kimberly-Clark Corporation, et al., U.S. District Court, Central District of California, Case No. 2:14-cv-08390-DMG-PLA (the "Related Case"), the Honorable Dolly M. Gee presiding, was filed on October 29, 2014. For the reasons stated below, this case calls for a determination of the same or substantially identical questions of law and fact in the Related Case and, therefore, is likely to entail substantial duplication of labor for the judges assigned each respective case.

First, like the present case, the Related Case pertains to Defendants' marketing and sale of medical gowns in which the plaintiffs in both cases allege that Defendants falsely represented the gowns as passing relevant industry standards for liquid barrier protection and concealing from purchasers Defendants' knowledge that these standards had not been satisfied.

Second, assigning the present case to a different judge from the Related Case would result in unnecessary duplication of labor, create a risk of inconsistent rulings, and would thus be counter to the interest of judicial economy. The presiding judge in the Related Case has acquired extensive knowledge and familiarity over the subject matter of the Related Case and the present action by presiding over the Related Case for more than two years. The Related Case has been extensively litigated before Judge Gee, with more than 270 docket entries having been generated in the case. During this time, the parties have conducted extensive discovery, including producing documents, taking depositions, and providing expert discovery. Recently, Judge Gee issued detailed written orders on Plaintiffs' motion for class certification and Defendants' motion for summary judgment, after hearing extensive oral argument, and has provided many additional rulings on important issues in the case. Moreover, Plaintiffs anticipate the trial in the Related Case will commence within the next 75 days.

## I. THESE CASES SHOULD BE DEEMED RELATED BECAUSE THEY ARISE OUT OF THE SAME NUCLEUS OF FACTS AND INVOLVE THE SAME LEGAL AND FACTUAL ISSUES.

This action and the Related Case seek redress from defendants Kimberly-Clark Corporation and Halyard Health, Inc. (collectively, "Defendants") for their false and misleading representations in connection with their advertising, promotion, marketing, and sale of medical gowns, which they claimed provided the highest levels of liquid barrier protection (AAMI Level 3 and 4) from the transfer of bodily fluids, bacteria, and infection between a patient and healthcare professional. Plaintiff Medline Industries, Inc. ("Medline") alleges that contrary to their representations, Defendants have known since at least as early as 2012 that their MICROCOOL* Breathable High Performance Surgical Gowns (the "MicroCool Gowns") and ULTRA Surgical Gowns (hereafter, the "Ultra Gowns") failed industry standard tests, did not pass the relevant standards for gowns represented to be AAMI Level 3 and 4, and are unsafe as a result. And yet from at least as early as 2012 to the present, Medline asserts that Defendants have continued to falsely advertise and represent the MicroCool Gowns as AAMI Level 4 and the Ultra Gowns as AAMI Level 3, and misrepresent to customers and the general public that these gowns provide the highest levels of liquid protection and are thus supposedly effective when treating patients with serious diseases; despite all the while knowing and failing to disclose that they are unsafe for AAMI Level 3 and 4 medical procedures and pose great risk of bodily harm and possibly death to patients and healthcare professionals worldwide.

## II. IN THE INTERESTS OF JUDICIAL ECONOMY, AND CONSISTENCY, THE TWO CASES SHOULD BE RELATED.

In light of the closely related factual and legal issues presented in these cases, Medline submits that litigating the Related Case and this case in separate courtrooms will create a substantial duplication of labor if heard by different judges. As noted

above, Judge Gee is already familiar with the facts and the relevant law by presiding over the Related Case for more than two years. The parties have conducted extensive discovery under the direction provided by Judge Gee's rulings. Further, Judge Gee has ruled on many important motions, including, among others, Defendants' motion for summary judgment, Defendants' motion to dismiss pursuant to Rule 12(b)(6), and Plaintiffs' motion for class certification. A new judge having to spend the time and effort to get up to speed and become familiar with the myriad of relevant factual and legal issues when Judge Gee has already done so would result in a substantial and expensive duplication of labor, and further, creates an unnecessary risk of inconsistent rulings.

## III. CONCLUSION

Accordingly, the present case and the Related Case are "related cases" within the meaning of Local Rule 83-1.3 and the present case should be assigned to Judge Gee.

Dated: November 17, 2016

EAGAN AVENATTI, LLP

By: /s/ Michael J. Avenatti
Michael J. Avenatti
Attorneys for Plaintiff